UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 1:97-CR-42-01

v.

Hon. Richard Alan Enslen

WILLIAM DEWAYNE GRANT,

**ORDER**

        Defendant.
_____/

By motion dated May 3, 2006, Defendant William Dewayne Grant has asked this Court to amend his Judgment of Sentence, which was duly entered on November 24, 1997 and which provided for a term of incarceration of 120 months.[1]  Oral argument is unnecessary in view of the motion.  *See* W.D. Mich. L. Cr. R. 47.2(d).

Defendant requests amendment on the premise that the Federal Bureau of Prisons has not given him credit for time served in state custody prior to his federal sentencing.  He requests that the Court amend the Judgment of Sentence to afford him 72 months credit for the state time.  (Mot. 1, 4.)  Defendant's legal bases for the request are United States Sentencing Commission Guideline Manual § 5G1.3(b)(1) and 18 U.S.C. § 3585.  The Guideline section referenced permits a federal court to adjust a sentencing term at the time of sentence to afford substantial justice and guideline consistency.  The statute referenced discusses the issue of the calculation of time served credits, but does not authorize the district courts to calculate sentencing credits post-judgment.  Rather, the

---

[1] Defendant also filed a second motion requesting the same relief together with a third motion requesting pauper status and appointment of counsel.  Appointment of counsel is unwarranted.  Also, pauper status has been previously granted (See Dkt. No. 12) such that a further order as to pauper status is unnecessary.  *See also* Fed. R. App. P. 24(a)(3).

statutory sentencing regime created by Congress intends that the sentencing court will compute a fair sentence in light of related federal and state sentences at the time of sentencing, but the Federal Bureau of Prisons will make all post-judgment sentencing credit calculations pursuant to 18 U.S.C. §§ 3586 & 3624. The time to present the departure/sentencing calculation argument under the Guidelines has long past. *See* Fed. R. Crim. P. 35(a); *see also United States v. Robinson*, 368 F.3d 653, 656-57 (6th Cir. 2004). This Motion is untimely.

In appropriate cases, the district courts and the Sixth Circuit Court of Appeals have considered post-judgment relief pursuant to 28 U.S.C. § 2241 premised on supposed sentencing calculation errors by the Federal Bureau of Prisons. *See McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). However, in this case, this provision has not been argued. Nor is a section 2241 petition encouraged since the substance of Defendant's sentencing argument here is a guideline provision which was to be applied at the time of sentencing.[2] Likewise, a petition under 28 U.S.C. § 2255 petition is not encouraged. A section 2255 petition cannot presently be filed without permission from the Sixth Circuit because a previous section 2255 petition on the credit issue was denied by this Court with prejudice. (*See* Final Order, Dkt. No. 78; *see also* Order of Sixth Circuit dismissing petition to file successive petition, Dkt. No. 86.) Were such a petition filed, this Court would be required to transfer it to the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

---

[2] A further problem is Defendant's place of incarceration. Defendant is now housed in a Wisconsin facility. (Mot. 5) A section 2241 petition would not be properly decided by this district since it is to be determined by the district having jurisdiction over the prisoner's custodian. *See Martin v. Perez*, 319 F.3d 799, 802-03 (6th Cir. 2003); *United States v. Plain*, 748 F.2d 620, 621 n.3 (11th Cir. 1984). In other words, section 2241 follows the common law jurisdiction procedure as opposed to the section 2255 jurisdiction procedure.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant William Dewayne Grant's Motions for An Amended Sentencing Judgment Order (Dkt. Nos. 102 & 103) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Proceed In Forma Pauperis and for Appointment of Counsel (Dkt. No. 104) is **DENIED**.

|  |  |
|---|---|
|  | /s/ Richard Alan Enslen |
| DATED in Kalamazoo, MI: | RICHARD ALAN ENSLEN |
| May 19, 2006 | SENIOR UNITED STATES DISTRICT JUDGE |